UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEGGY FEASTER,

    Plaintiff,

v.                                                          Case No:   8:25-cv-00910-JLB-NHA

ELECTROLUX CONSUMER
PRODUCTS, INC.,

    Defendant.
_____/

**ORDER**

      Plaintiff Peggy Feaster brings this putative class action lawsuit against Defendant Electrolux Consumer Products, Inc. for breach of implied warranty, fraudulent concealment, unjust enrichment, and a claim for declaratory relief after her oven's glass door exploded.  (Doc. 28).  Defendant moved to dismiss for failure to state a claim (Doc. 33), Plaintiff responded (Doc. 38), and Defendant replied (Doc. 39).  Upon careful review, Defendant's motion to dismiss (Doc. 33) is **GRANTED in part and DENIED in part**. The Court dismisses Counts I, II, VI, and VII **with prejudice**.

## BACKGROUND[1]

Plaintiff purchased a Frigidaire Electric Range, model number FFEF3054TD ("the oven"), from a Home Depot in St. Petersburg, Florida, on July 26, 2022. (Doc. 28 at ¶ 47). After using her oven for only two years, on a night in November 2024, Plaintiff had just closed the oven's door and stepped away from it when she heard a loud explosion. (*Id.* at ¶ 55). The oven's glass door had shattered and left her kitchen floor covered in glass shards. (*Id.*). Plaintiff called Defendant, the oven's manufacturer, to inquire about replacing the oven or getting a refund. (*Id.* at ¶¶ 1, 56). However, she was unable to reach a customer service representative due to the "unreasonably long" wait time. (*Id.* at ¶ 56). She now brings this putative class action lawsuit against Defendant, alleging that the oven was defective and that Defendant concealed the defects. (*See id.* at ¶ 1).

Specifically, Plaintiff claims that nickel sulphate impurities in the oven's soda-lime glass and the use of significantly weaker soda-lime glass render the ovens' windows susceptible to sudden breakage. (*Id.* at ¶ 35). The windows can violently burst, causing injuries, due to no fault of the user. (*Id.* at ¶ 33). These explosions are made even more likely because the glass is commonly exposed to high temperatures. (*Id.* at ¶ 36).

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on the facts recited in the Amended Complaint. (*See* Doc. 28).

Plaintiff cites numerous online reviews that share her story. (*Id.* at ¶¶ 101–28). The reviews claim that the oven's glass would suddenly explode, sometimes even when the oven was not in use. (*See, e.g., id.* at 29–30, 41). The timeframe of the explosions also varies. (*See id.* at ¶ 12). Some users claimed that their ovens shattered after four years of use (*Id.* at 49), while others claimed that the glass exploded while the oven was new (*Id.* at 43). In total, Plaintiff claims that there were over 320 complaints filed with the United States Consumer Product Safety Commission and over nineteen complaints posted on Defendant's website about the defect. (*Id.* at ¶¶ 102, 126; Doc. 28-1).

Because of these reviews and Defendant's internal testing protocols, Plaintiff alleges that Defendant knew of the oven's alleged defects and intentionally concealed those defects from consumers. (Doc. 28 at ¶ 15).

Defendant included a user manual with the purchase of each oven. (*Id.* at ¶¶ 37, 139, 142). This manual provided Plaintiff with a one-year limited warranty to "pay all costs for repairing or replacing any parts of [the oven] that prove to be defective in materials or workmanship . . . ." (*Id.* at ¶ 38; Doc. 33-2 at 45).[2] Notably, the user manual limited any claims based on implied warranties, including a warranty of merchantability, to one year after the date of purchase. (Doc. 28 at ¶ 132(i); Doc. 33-2 at 45).

---

[2] The Court may consider a document attached to a motion to dismiss in ruling on such motion without converting it into one for summary judgment. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (holding that the court may consider a document attached to a motion to dismiss where the attached document is (1) central to plaintiff's claim and (2) undisputed).

3

Plaintiff's Amended Complaint asserts seven claims against Defendant. (Doc. 28 at ¶¶ 163–238). Count I alleges that Defendant breached the implied warranty of merchantability. (*Id.* at ¶¶ 163–76). Count II alleges that Defendant breached implied warranties under the Magnuson-Moss Warranty Act. (*Id.* at ¶¶ 177–83). Count III alleges that Defendant was unjustly enriched by selling the ovens and must therefore pay restitution. (*Id.* at ¶¶ 184–93). Count IV alleges that Defendant fraudulently omitted material facts about the quality and character of the ovens and concealed those facts from Plaintiff and other consumers. (*Id.* at ¶¶ 194–206). Count V alleges that Defendant violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") by omitting material facts from its advertisements. (*Id.* at ¶¶ 207–23). Count VI brings implied warranty of merchantability claims under Florida state statutes. (*Id.* at ¶¶ 224–34). And Count VII seeks declaratory relief related to Plaintiff's claims. (*Id.* at ¶¶ 235–38).

Concerning Counts I, II, and VI, Plaintiff claims that Defendant's one-year limitation on implied warranties was unconscionable because Defendant had superior knowledge of the alleged defect, Plaintiff was not able to negotiate the terms of the warranty, the same or a similar warranty would have applied no matter which brand of oven she had bought, and the one-year duration was insufficient to protect Plaintiff from the alleged defect. (*Id.* at ¶ 132).

Defendant moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Doc. 33), Plaintiff responded (Doc. 38), and Defendant replied (Doc. 39).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint also must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Twombly*, 550 U.S. at 555. A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Twombly*, 550 U.S. at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

When considering dismissal, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To warrant dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), it

5

must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## DISCUSSION

Defendant moves to dismiss for failure to state a claim. (Doc. 33). Because Plaintiff's claims can be classified into categories, the Court will address them in those categories. Counts I, II, and VI deal with implied warranties; Counts IV and V concern Plaintiff's fraudulent omission claims; and Counts III and VII assert claims for unjust enrichment and declaratory relief that will be addressed individually.

### I. Plaintiff's Implied Warranty Claims Are Time-Barred by Defendant's Limited Warranty Because Plaintiff Did Not Plausibly Allege that the Limited Warranty Was Substantively Unconscionable.

Defendant argues that the oven's one-year limited warranty precludes Plaintiff's implied warranty claims in Counts I, II, and VI, and, even if it does not, Plaintiff lacks privity with Defendant. (*Id.* at 7–14). Because Plaintiff fails to plausibly allege unconscionability, the Court need only address that issue.

Unconscionability is a common law doctrine that courts have traditionally invoked to prevent one party from gaining "an unjust and undeserved advantage" over another that would be inequitable to enforce. *Peacock Hotel, Inc. v. Shipman*, 138 So. 44, 46 (Fla. 1931). When an unjust and undeserved advantage has been obtained, a court "will not hesitate to interfere," even though the victimized party consented to her own demise. *Id.* To invalidate a contractual provision for

6

unconscionability, Florida law requires that the provision be *both* procedurally and substantively unconscionable. *Basulto v. Hialeah Auto.*, 141 So. 3d 1145, 1159 (Fla. 2014).

The procedural and substantive unconscionability elements do not need to be equally present. *Id.* Instead, courts evaluate them interdependently on a sliding scale where "the more substantively oppressive the contact term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.* (quoting *Romano ex rel. Romano v. Manor Care, Inc.*, 861 So. 2d 59, 62 (Fla. 4th DCA 2003)).

Here, Plaintiff failed to plausibly allege substantive unconscionability, likely because time-limited warranties are common, and they are *not* substantively unconscionable. *See Licul v. Volkswagen Grp. of Am.*, No. 13–61686–CIV, 2013 WL 6328734, at *3 (S.D. Fla. Dec. 5, 2013). The substantive unconscionability analysis focuses on whether the terms of the contract are "so 'outrageously unfair' as to 'shock the judicial conscience.'" *Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278, 285 (Fla. 1st DCA 2003) (citation omitted). The agreement must be one that "no man in his senses and not under delusion would make on one hand, and as no honest and fair man would accept the other." *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1139 (11th Cir. 2010) (internal quotation omitted). Accordingly, judicial relief is proper only where "no decent, fairminded person would view the ensuing result without being possessed of a profound sense of injustice . . . ." *Steinhardt v. Rudolph*, 422 So. 2d 884, 890 (Fla. 3d DCA 1982).

That is not the case with time-limited warranties because they are "both common in the industry and routinely enforced by the courts." *Licul*, 2013 WL 6328734, at *3. As the *Licul* court observed in granting a defendant's motion to dismiss, manufacturers know that their products may fail and "consider [these potential failures] in pricing and setting limitations upon warranties." *Id.* at *2. Thus, time-limited warranties are generally not substantively unconscionable because they provide certainty to the consumer that the manufacturer will replace the product if it fails within the time specified, and they provide relief to the manufacturer that it will not be liable for technical failures after the consumer has used the product for a substantial period of time. *See Shelor v. Jaguar Land Rover N. Am. LLC*, 2025 WL 1580834, at *16 (M.D. Fla. Jan. 31, 2025) (Report and Recommendation), *adopted by* No. 3:23-cv-00908-WGY-PDB, Doc. 88 (M.D. Fla. May 1, 2025).

To be sure, federal courts have interpreted the decision of Florida's First District Court of Appeal in *Monsanto Agricultural Products Co. v. Edenfield*, 426 So. 2d 574, 579 (Fla. 1st DCA 1982), to stand for the proposition that a manufacturer's knowing sale of a questionable product may void a warranty limitation. *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*, No. 3:12–cv–1366, 2013 WL 12172912, at *5 (M.D. Fla. Aug. 28, 2013); *Barnext Offshore, Ltd. v. Ferretti Grp. USA, Inc.*, No. 10–23869–CIV, 2012 WL 1570057, at *10 (S.D. Fla. May 2, 2012). However, the Court agrees with its previous understanding of that case: the Florida court denied a rehearing on the basis that unconscionability is a

8

question of law meant for the court to decide, not the jury. *See Shelor*, 2025 WL 1580834, at *18. While the court distinguished a federal case using the proposition that the case is cited for, that was not the basis for its holding. *See Monsanto Agric. Prods. Co.*, 426 So. 2d at 579. Accordingly, "[t]he most that can be said about Florida law is that unconscionability is a question of law, not fact . . . ." *Shelor*, 2025 WL 1580834, at *18.

Here, Plaintiff's Amended Complaint mirrors that of the plaintiff in *Licul*. *See Licul*, 2013 WL 6328734, at *3. She claims that Defendant sold its ovens to unknowing consumers, knowing that the ovens were defective and that a one-year warranty would likely not protect against the problem. (Doc. 28 at ¶ 132). Taking the complaint's facts as true, Plaintiff here—like the plaintiff in *Licul*—failed to allege substantive unconscionability, likely because time-limited warranties are not plausibly "so 'outrageously unfair' as to 'shock the judicial conscience.'" *Gainesville Health Care Ctr. Inc.*, 857 So. 2d at 285 (citations omitted).

Even though taking the facts alleged in the complaint as true would likely yield a procedurally unconscionable contract of adhesion, *see Gainesville Health Care Ctr., Inc.*, 857 So. 2d at 285, Florida law requires a party to establish both procedural and substantive unconscionability. *Basulto*, 141 So. 3d at 1159. Because Plaintiff has only plausibly alleged the procedural unconscionability element, the one-year limited warranty bars her implied warranty of merchantability claims, and Counts I, II, and VI are properly dismissed.

9

Moreover, the Court has determined after careful consideration that Plaintiff can present no set of facts to survive another motion to dismiss on the unconscionability issue. As such, the Court will not grant Plaintiff leave to amend Counts I, II, and VI, and the dismissal of those counts shall be with prejudice. *See, e.g., Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1273 (11th Cir. 2023) (affirming district court's dismissal with prejudice under Rule 12(b)(6) where plaintiff failed to demonstrate that an adhesion contract was unconscionable).

## II. Plaintiff's Fraudulent Concealment and FDUTPA Claims Were Properly Alleged.

Next, Defendant argues that Plaintiff's claims in Counts IV and V should be dismissed because (1) Defendant did not conceal a defect; (2) Plaintiff did not plead facts with the level of specificity that Federal Rule of Civil Procedure 9(b) requires; (3) Defendant had no duty to disclose potential problems with the oven; (4) Plaintiff did not allege causation or reliance; and (5) no actionable conduct occurred in Florida. (Doc. 33 at 14–22). Each argument will be addressed in turn.

### A. Plaintiff's Allegations that Defendant Concealed a Defect Must Be Taken as True at the Motion to Dismiss Stage.

Starting with the first argument, Defendant is incorrect that Plaintiff's defect allegations should be dismissed as implausible because only a small percentage of online reviews support Plaintiff's allegations. (*Id.* at 15–16). In ruling on a motion to dismiss, a court must accept all facts pleaded by the plaintiff as true. *Iqbal*, 556 U.S. at 678. It must then consider whether the claim has "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable

10

for the misconduct alleged." *Id.* Importantly, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.*

Thus, the Court must accept Plaintiff's factual allegations regarding the alleged defect and Defendant's actions as true and then determine whether Defendant might be liable. *See id.* It does not matter at this stage whether oven failures due to nickel sulphate impurities are common. With that in mind, Plaintiff's claims are properly pleaded because Defendant could be liable if Plaintiff is correct that the ovens were defective and Defendant concealed those defects.

### B. Plaintiff's Allegations Satisfy Federal Rule of Civil Procedure 9(b).

Defendant also argues that Plaintiff did not plead her fraud claims with the level of specificity required by Federal Rule of Civil Procedure 9(b). (Doc. 33 at 16–18). As the Eleventh Circuit has explained:

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) [the] same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 875 (11th Cir. 2023) (citation omitted).

There is a split among courts over whether Rule 9(b) applies to FDUTPA claims. *Inouye v. Adidas Am., Inc.*, No. 8:22-cv-416, 2023 WL 2351654, at *3 (M.D. Fla. Mar. 3, 2023) (citation omitted). However, the Court need not take a side on

11

that issue here because Plaintiff pleaded her fraud claims in the alternative, (Doc. 28 at ¶¶ 135–45), and provided sufficient information concerning the "who, what, when[,] where, and how" to satisfy Rule 9(b). *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (citation omitted). Plaintiff alleged that Defendant omitted warnings of the defect from its "websites, warranties, owner's manuals," and other materials, and she alleged that these failures to warn allowed Defendant to obtain sales that would have otherwise occurred. (Doc. 28 at ¶¶ 139–45). Thus, Plaintiff's allegations on the FDUTPA claims are sufficient.

### C. Plaintiff's Allegations Suggest that Defendant Had a Legal Duty to Inform Plaintiff of Potential Defects with the Oven.

Furthermore, Defendant argues that it had no duty to inform Plaintiff of the alleged defect. (Doc. 33 at 18–20). The general rule under Florida law is that a party has no duty to disclose information to another absent a special relationship. *See TransPetrol, Ltd. v. Radulovic*, 764 So. 2d 878, 879–80 (Fla. 4th DCA 2000) (citation omitted). However, even in an arm's-length transaction, if a party undertakes to share some information, it must tell the whole truth where the other party does not have an equal opportunity to become apprised of the fact. *See, e.g.*, *Ramel v. Chasebrook Constr. Co.*, 135 So. 2d 876, 882 (Fla. 2d DCA 1961).

Here, Plaintiff alleged that Defendant knew of the defect with the oven's glass door, shared information with her about the oven's safety features, but neglected to warn her of the glass's potential to explode. (*See, e.g.*, Doc. 28 at ¶ 59). Taking those allegations as true and reading them in the light most favorable to Plaintiff, Defendant would have had a legal duty to disclose the alleged defect

12

because the chemical composition of glass is not the type of thing that a consumer can generally observe. *Cf. Vokes v. Arthur Murray, Inc.*, 212 So. 2d 906, 909 (Fla. 2d DCA 1968) (holding that a dancing school had a duty to disclose the whole truth where its client was in an inferior position to know whether her skills were improving).

### D. Plaintiff's Fraudulent Omission Claim (Count IV) Properly Alleged Reliance, and the FDUTPA Claim (Count V) Properly Alleged Causation.

Next, Defendant argues that Plaintiff failed to properly allege reliance or causation in her fraudulent omission (Count IV) and FDUTPA (Count V) claims. (Doc. 33 at 20–22). Plaintiff properly pleaded both claims.

Defendant is correct that Plaintiff was required to allege reliance in her fraudulent omission claim (Count IV). *See Humana, Inc. v. Castillo*, 728 So. 2d 261, 265 (Fla. 2d DCA 1999). The elements of a fraudulent omission claim under Florida law are:

> (i) the defendant concealed or failed to disclose a material fact; (ii) the defendant knew or should have known the material fact should be disclosed; (iii) the defendant knew its concealment of or failure to disclose the material fact would induce the plaintiff to act; (iv) the defendant had a duty to disclose; and (v) the plaintiff detrimentally relied on the concealed information.

*Philip Morris USA Inc. v. Principe*, 337 So. 3d 821, 827 n.7 (Fla. 3d DCA 2021) (citing *R.J. Reynolds Tobacco Co. v. Martin*, 53 So. 3d 1060, 1068 (Fla. 1st DCA 2010)). Even outside of *Engle*-progeny cases, "Florida law imposes a reliance requirement in an omissions case, which cannot be satisfied by assumptions." *Humana, Inc.*, 728 So. 2d at 265. Thus, Plaintiff needed to plead reliance.

13

However, Defendant is incorrect that Plaintiff's claim fails because she "must identify which of Electrolux's statements *caused* her to purchase" her oven. (Doc. 33 at 21) (emphasis original). Defendant cites the Florida Supreme Court's decision in *Prentice v. R.J. Reynolds Tobacco Co.*, 338 So. 3d 831, 840 (Fla. 2022), for that proposition. *Prentice* said the opposite. *Id.* at 837. As the Florida Supreme Court explained, "reliance on 'a statement' does not require proof of reliance on 'a specific statement,' and our holding must be taken to include this understanding." *Id.* Plaintiff is not required to identify a specific statement that she relied on. *See id.* Instead, she is merely required to show that Defendant made *a statement* upon which she relied. *See id.* She satisfied this requirement by alleging categories of statements that she contends should have informed her of the defect, including Defendant's "websites, warranties, owner's manuals," and other materials. (Doc. 28 at ¶¶ 139–45).[3]

Defendant also argues that Plaintiff failed to properly allege an FDUTPA claim because, even if FDUTPA does not require reliance, Plaintiff did not plead causation. (Doc. 33 at 20). Defendant is correct that reliance is not an element of

---

[3] Defendant's other argument based on *Prentice* also misses the mark. Defendant argues that Plaintiff's allegation that she "relied on . . . material omissions" was insufficient because the *Prentice* court said that "the concept of reliance on a[n] . . . omission . . . is unavoidably confusing and maybe even nonsensical." (Doc. 33 at 21 (quoting Doc. 28 at ¶ 205)); *Prentice*, 338 So. 3d at 842. In context, the Florida Supreme Court was explaining that a lower court's jury instruction that allowed reliance to be based on a general conspiracy to withhold information, rather than on defendants' statements, was erroneous. *Prentice*, 338 So. 3d at 842. Because Plaintiff traces her claim here to Defendant's statements, her claim satisfies the pleading requirements.

14

FDUTPA. *Gov't Emps. Ins. Co. v. Right Spinal Clinic, Inc.*, No. 23-11778, 2024 WL 4564168, at *9 (11th Cir. Oct. 24, 2024) (citing *Fitzpatrick v. Gen. Mills, Inc.*, 635 F.3d 1279, 1283 (11th Cir. 2021)). Plaintiff properly pleaded causation by alleging that she and other members of the putative class suffered losses because of Defendant's alleged omissions. (See Doc. 28 at ¶ 221). Therefore, dismissal of Plaintiff's fraudulent concealment and FDUTPA claims would be improper.

### E. The FDUTPA Claim Survives Because FDUTPA Requires Neither Geographical nor Residential Restrictions.

Finally, Defendant argues that Plaintiff's FDUTPA claim should be dismissed because no actionable conduct occurred within Florida. (Doc. 33 at 22). Florida courts have held that there are no geographical or residential restrictions on FDUTPA, *see, e.g.*, *Millennium Commc'ns & Fulfillment, Inc. v. Off. of the Att'y Gen.*, 761 So. 2d 1256, 1260–62 (Fla. 3d DCA 2000), so the Defendant's argument fails.

### III. Plaintiff's Unjust Enrichment Claim Survives the Motion to Dismiss.

Defendant argues that Plaintiff cannot bring an unjust enrichment claim because she has an adequate remedy at law. (Doc. 33 at 22–23). In general, "the theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy . . . ." *Bowleg v. Bowe*, 502 So. 2d 71, 72 (Fla. 3d DCA 1987).

However, "this notion does not apply to unjust enrichment claims" at the motion to dismiss stage. *Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. 5th DCA 1998); *see also State Farm Mut. Auto Ins. Co. v. Physicians Inj. Care Ctr.,*

15

*Inc.*, 427 F. App'x 714, 722 (11th Cir. 2011) (reversed in part on other grounds) (making the same point regarding judgment as a matter of law). As the *Williams* court explained, "It is only upon a showing that an express contract exists that the unjust enrichment or promissory estoppel count fails. Until an express contract is proven, a motion to dismiss a claim for promissory estoppel or unjust enrichment on these grounds is premature." *Williams*, 725 So. 2d at 400 (quoting *Mobil Oil Corp. v. Dade Cnty Esoil Mgmt. Co., Inc.*, 982 F. Supp. 873, 880 (S.D. Fla. 1997)); *see also Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1289–91 (S.D. Fla. 2020) (denying a motion to dismiss an unjust enrichment claim on this basis); *State Farm Mut. Auto Ins. Co. v. Altamonte Springs Diagnostic Imaging*, No. 6:11–cv–1373, 2011 WL 6450769, at *5 (M.D. Fla. Dec. 21, 2011) (same).

    Accordingly, here, Plaintiff may plead unjust enrichment because her ability to assert an unjust enrichment claim is not extinguished until a party proves the existence of a contract between Plaintiff and Defendant. *See Williams*, 725 So. 2d at 400. This is the case even though she asserts other legal claims based on the same events. *See Fruitstone*, 464 F. Supp. 3d at 1289–91. While some federal courts have dismissed unjust enrichment claims where there is no dispute that an express contract exists between the parties, *see, e.g.*, *Rushing v. Wells Fargo Bank*, 752 F. Supp. 2d 1254, 1265 (M.D. Fla. 2010), that would not be proper here because Plaintiff's Amended Complaint does not allege an express contract between the

16

parties, (Doc. 28), and, indeed, Defendant argues that there was no privity. (Doc. 33 at 12–14).[4] Thus, the unjust enrichment claim survives the motion to dismiss.

### IV. Plaintiff Lacks Standing to Bring Her Claim for Declaratory Relief Because Her Alleged Future Harm Is Conjectural.

Finally, Defendant correctly points out that Plaintiff lacks standing to bring her claim for declaratory relief. (Doc. 33 at 23–24). According to Defendant, Plaintiff's allegation that she "would purchase another Oven *provided that* the common Defect is fixed going forward" makes her claim merely conjectural and not fit for judicial resolution. (*Id.* at 24 (quoting Doc. 28 at ¶ 153) (emphasis added by Defendant)). The Court agrees.

To bring a claim for declaratory relief, a plaintiff must satisfy the standing requirements of Article III of the United States Constitution. *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999). In the declaratory or injunctive relief context, this requires "that [the] plaintiff 'allege facts from which it appears there is a substantial likelihood that [she] will suffer injury in the future." *Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014); *see also Coccario v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 880 (11th Cir. 2016) (reaffirming that the future injury requirement applies to both declaratory and injunctive relief claims). Previous injuries do not establish standing for declaratory relief purposes. *See*

---

[4] Defendant's Reply argues, based on *Rushing*, that Plaintiff has an adequate remedy at law because she does not dispute that a contract exists. (Doc. 39 at 7–8). Yet, within the same reply, Defendant reaffirms its argument that there was no privity of contract. (*Id.* at 3). Therefore, it would not be proper to dismiss Plaintiff's unjust enrichment claim, at least at this early stage of litigation.

17

*Malowney*, 193 F.3d at 1348 (citing *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985)).

The textbook example of a speculative future injury comes from *Lujan v. Defenders of Wildlife*, where the Supreme Court held that two plaintiffs did not sufficiently demonstrate an injury-in-fact where they had previously visited the habitats of endangered species and hoped to do so again in the future. 504 U.S. 555, 562–64 (1992). As the Court explained, "[s]uch 'some day' intentions—without any description of concrete plans, or indeed any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Id.* at 564 (citation omitted) (emphasis original).

Here, Plaintiff failed to assert a substantial likelihood of future injury. As Defendant argues, (Doc. 33 at 23–24), Plaintiff's allegation that she would purchase another oven if Defendant remedies the alleged defect is speculative because it depends on Defendant's hypothetical future conduct. *See Lujan*, 504 U.S. at 562–64. Like the *Lujan* plaintiffs, Plaintiff failed to identify any specific time at which she plans to purchase another oven from Defendant. (*See* Doc. 28). Thus, she failed to demonstrate a substantial likelihood that she truly plans to purchase another oven from Defendant. Indeed, Plaintiff did not include an allegation that she would purchase another oven in Count VII by reference. (*Id.* at ¶¶ 153, 235–238). Thus, her claim is facially deficient because she did not include any allegation that she will suffer future harm. Plaintiff's counterargument that the defect poses a threat to Plaintiff and others in the putative class, (Doc. 38 at 19–20), fails because

18

Plaintiff's past injury is insufficient to confer standing on her claim for declaratory relief. *See Malowney*, 193 F.3d at 1348 (citing *Emory*, 756 F.2d at 1552). Thus, Count VII is dismissed. Given the substantial difficulties that Plaintiff would likely face in maintaining a declaratory action claim on these facts and the Court's "unique and substantial discretion in deciding whether to declare the rights of litigants," the Court dismisses Count VII with prejudice. *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1260 (11th Cir. 1997) (citation omitted).

Accordingly, it is **ORDERED** that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 33) is **GRANTED in part and DENIED in part**.

2. Counts I, II, VI, and VII of Plaintiff's Amended Complaint (Doc. 28) are **DISMISSED with prejudice** for failure to state a claim.

3. Defendant shall have twenty-one days from the date of this Order to answer Plaintiff's Complaint (Doc. 28).

**ORDERED** in Tampa, Florida, on January 23, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE